J-S30042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSHUA MATTHEW BALLARD, | : | |
| | : | |
| Appellant | : | No. 1362 MDA 2016 |

Appeal from the Judgment of Sentence February 19, 2016
in the Court of Common Pleas of York County,
Criminal Division, No(s):  CP-67-CR-0002520-2015

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 27, 2017**

Joshua Matthew Ballard ("Ballard") appeals from the judgment of sentence imposed following his convictions of persons not to possess firearms and firearms not to be carried without a license.  *See* 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1).   Additionally, John M. Hamme, Esquire ("Attorney Hamme"), Ballard's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).  We grant Attorney Hamme's Petition to Withdraw, and affirm Ballard's judgment of sentence.

On April 6, 2015, the police received an anonymous call that Ballard was carrying a firearm in Williams Park in York, Pennsylvania.  The caller described Ballard as a dark-skinned black male, who was wearing a sweatshirt and jeans.  Prior to responding to the call, officers were made aware of a warrant for Ballard's arrest on a gun charge.  At the park,

multiple officers observed Ballard remove a firearm from his waistband and attempt to place it in a wheel well of a parked vehicle. As Ballard walked away from the vehicle, the firearm fell from the wheel well. Subsequently, police arrested Ballard and recovered the firearm.

Ballard was charged with receiving stolen property, persons not to possess firearms and firearms not to be carried without a license. Ballard filed a Motion to Suppress Evidence, which the trial court denied. Following a jury trial, Ballard was found guilty of persons not to possess firearms and firearms not to be carried without a license, and not guilty of receiving stolen property. Thereafter, Ballard's trial counsel was permitted to withdraw as counsel, and Attorney Hamme was appointed as Ballard's counsel. On February 19, 2016, the trial court sentenced Ballard to an aggregate sentence of three to six years in prison. Ballard filed Post-Sentence Motions, which the trial court denied.

Ballard filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

In the **Anders** Brief, Ballard raises the following questions for our review:

I.    Whether the trial court erred in denying [Ballard's] pretrial Motion to Suppress Evidence[,] when the police seizure of [Ballard] was unlawful when it was based on unreliable and uncorroborated information[,] and was not based on probable cause that criminal activity was afoot[?]

II.    Whether the Commonwealth presented insufficient evidence to convict [Ballard] of possession of a firearm[,]

when the evidence presented failed to establish that [Ballard] either actually or constructively possessed a firearm[?]

***Anders*** Brief at 4 (some capitalization omitted). Ballard did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

We must first determine whether Attorney Hamme has complied with the dictates of ***Anders*** in petitioning to withdraw from representation. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to ***Anders***, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

- 3 -

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Hamme complied with each of the requirements set forth in *Anders* by petitioning this Court for leave to withdraw; submitting an *Anders* Brief, referring to any issue that may have arguable merit; and notifying Ballard of the request to withdraw and advising him as to his rights moving forward. Further, the *Anders* Brief meets the standards set forth in *Santiago* by providing a factual summary of Ballard's case, with support for Attorney Hamme's conclusion that Ballard's appeal is wholly frivolous. Because Attorney Hamme has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Ballard's appeal is, in fact, wholly frivolous.

In his first claim, Ballard contends that the trial court erred in denying his Motion to Suppress Evidence, where the police unlawfully arrested him based upon an anonymous tip. *Anders* Brief at 7. Ballard argues that the police did not independently corroborate the tip prior to the arrest. *Id.* Ballard thus claims that the evidence should have been suppressed. *Id.*

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the

evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Arnold*, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

"The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures." *Commonwealth v. Walls*, 53 A.3d 889, 892 (Pa. Super. 2012). There are three categories of interactions between police and a citizen:

> The first of these is a "mere encounter" (or request for information)[,] which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention[,]" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa. Super. 2012) (citation omitted).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Commonwealth v. Goldsborough***, 31 A.3d 299, 306 (Pa. Super. 2011) (citation, brackets, and emphasis omitted).

"[I]nformation received from confidential informants may properly form the basis of a probable cause determination."  ***Commonwealth v. Luv***, 735 A.2d 87, 90 (Pa. 1999).  "Where ... the officers' actions resulted from information gleaned from an informant, in determining whether there was probable cause, the informant's veracity, reliability and basis of knowledge must be assessed."  ***Goldsborough***, 31 A.3d at 306 (citation omitted).  "An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity."  ***Id.*** (citation omitted); ***see also Commonwealth v. Otterson***, 947 A.2d 1239, 1245 (Pa. Super. 2008) (stating that "where the evidence available to police consists of an anonymous tip, probable cause may be established upon corroboration of major portions of the information provided by the tip.").

At the suppression hearing, Patrol Officer Sheldon Hooper ("Officer Hooper") testified that on April 6, 2015, the police received a call[1] that Ballard was in Williams Park with a firearm.  N.T., 8/26/15, at 17.  The caller

---

[1] At the time of the call, and at suppression hearing, the identity of the caller was unknown to the police.  However, it was subsequently determined that the caller was Khiasjia Layer, an acquaintance of Ballard.  N.T., 11/17/15, at 98.

- 6 -

described Ballard as "a dark-skinned black male wearing a sweatshirt, blue shirt underneath and jeans." *Id.* at 18. Prior to responding to the call, it was determined that Ballard had a warrant out for his arrest on a gun charge. *Id.* at 17. Officer Hooper stated that approximately eight officers surrounded the park. *Id.* At the park, Officer Hooper observed Ballard pull up his sweatshirt, take a black and silver firearm from his waistband area and place it in the wheel well of a parked vehicle. *Id.* at 18-19; *see also id.* at 30-31 (wherein Officer John Reifenweber ("Officer Reifenweber") testified that on April 6, 2015, at Williams Park, he observed Ballard place a firearm by a vehicle). Thereafter, as Ballard walked away from the vehicle, the firearm fell to the ground. *Id.* at 19-20. The police subsequently arrested Ballard and recovered the firearm. *Id.* at 20, 31.

Here, the police substantiated the content of the anonymous tip and were aware of an outstanding warrant for Ballard's arrest on a gun charge. Thus, taking the circumstances in their totality, the police officers had probable cause to arrest Ballard. *See Commonwealth v. Zhahir*, 751 A.2d 1153, 1157 (Pa. 2000) (noting that "corroboration may [] be supplied by circumstances that are independent of the tip, for example, observation of suspicious conduct on the part of the suspect."). Accordingly, Ballard's first claim is without merit.

In his second claim, Ballard contends that there was insufficient evidence to sustain his convictions. *Anders* Brief at 9. Ballard argues that

the Commonwealth failed to establish that he actually or constructively possessed the firearm. *Id.*

Our standard of review is well-settled:

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Sunealitis*, 153 A.3d 414, 419 (Pa. Super. 2016) (citation omitted).

In gun possession cases, the Commonwealth may meet its burden of proof by showing actual, constructive or joint constructive possession. *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999).

At trial, Officers Hooper and Reifenweber testified consistently with their statements at the suppression hearing. *See, e.g.,* N.T., 11/17/15, at 150 (wherein Officer Hooper testified that he observed Ballard remove a firearm from his waistband and place it on top of a tire); *see also id.* at 165 (wherein Officer Reifenweber testified that Ballard possessed a firearm that Officer Reifenweber later recovered from the ground). Police Officer Derek Hartman ("Officer Hartman") testified that he went to Williams Park based upon the tip that Ballard, a wanted individual, was carrying a firearm. N.T., 11/17/15, at 117-18. At the park, Officer Hartman observed Ballard remove

an object that looked like a firearm from his waistband and place it on a tire. *Id.* at 122-23. Officer Alex Sable, also responding to the call, observed Ballard take an object from his waistband and place the object in a wheel well of a vehicle. *Id.* at 137-38.

The evidence, viewed in a light most favorable to the Commonwealth, established that Ballard possessed the firearm. *See Commonwealth v. Mann*, 820 A.2d 788, 793 (Pa. Super. 2003) (holding evidence sufficient to establish defendant possessed firearm, where he was observed throwing firearm in vacant lot); *see also In re R.N.*, 951 A.2d 363, 370 (Pa. Super. 2008) (stating that testimony by officer that he observed appellant throw a firearm out of a window of a vehicle was sufficient to support possession of a firearm). Thus, the evidence was sufficient to sustain Ballard's convictions.

Further, our independent review discloses no other non-frivolous issues that Ballard could raise on appeal. Accordingly, we grant Attorney Hamme's Petition to Withdraw, and affirm Ballard's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017