951 A.2d 363 (2008)
In the Interest of R.N., Jr., a Minor
Appeal of R.N., Jr., a Minor
Superior Court of Pennsylvania.
Filed June 2, 2008.
*365 Suzanne S. Smith, York, for appellant.
Seth F. Bortner, Assistant District Attorney, York, for Commonwealth, appellee.
BEFORE: STEVENS, PANELLA and HUDOCK, JJ.
OPINION BY HUDOCK, J.:
¶ 1 This is an appeal from the dispositional order imposed following Appellant's adjudication as delinquent for drug and firearm-related offenses. We affirm.
¶ 2 On May 4, 2007, a juvenile petition was filed alleging that Appellant possessed marijuana with intent to deliver (PWID), received stolen property, carried a firearm without a license, and was a minor in possession of a firearm.[1] The charges stem from an incident in which police officers found Appellant in possession of 5.3 grams of marijuana and a loaded handgun. West York Borough Police Officer David Kahley testified that on October 7, 2006, at approximately 3:50 p.m., he saw the vehicle in which Appellant was a passenger fail to stop at a stop sign. N.T., 7/23/07, at 38-39. Officer Kahley was in full uniform in an unmarked vehicle. Id. at 38. Even though Officer Kahley activated his emergency lights, the vehicle did not stop. Id. at 38-39. West York Borough Police Officer Justin Seibel, in uniform and driving a marked police vehicle, joined Officer Kahley shortly thereafter. Id. at 14-16. Although Officers Kahley and Seibel activated their sirens, the vehicle accelerated. Id. at 41. The vehicle then attempted to make a turn, lost control, ran over a fence, and struck the rear porch of a residence. Id. at 17, 39. Officer Seibel stated that, as the vehicle ran over the fence and prior to crashing into the rear porch, he saw Appellant throw two items from the passenger side window. Id. at 19, 20, 35. Officer Seibel testified that one of the items appeared to be a plastic bag and the other item appeared to be a metal object. Id. at 20. Officer Kahley was driving behind the vehicle, and Officer Seibel was driving parallel with the vehicle as it drove over the fence and into the porch. Id. at 18. Officer Seibel testified that he was about ten feet away when he observed Appellant throw the items out of the window. Id. at 20.
¶ 3 The officers arrested Appellant and the driver of the vehicle. Officer Seibel then recovered one large plastic bag containing six bags of marijuana from the ground approximately three feet from the passenger side of the vehicle. Id. at 22, 26, 50, 52, 53. The substance in the bags, which had a combined weight of 5.3 grams, later tested positive for marijuana. Id. at *366 46, 52. Officer Seibel also recovered a loaded semi-automatic pistol, which was found on top of debris under the front bumper of the vehicle. Id. at 25-26, 35. After being read his Miranda[2] rights and afforded the opportunity to speak to his parents, Appellant stated to Officer Kahley that he had thrown marijuana out of the window, that the marijuana was his, and that it was for personal use. Id. at 45, 58. Officer Kahley also testified that Appellant denied knowledge of the handgun. Id. at 59. During the adjudication hearing, the owner of the weapon identified the handgun at issue as his and testified that it had been stolen from his car two months prior to the incident. Id. at 8, 70.
¶ 4 On July 23, 2007, at the conclusion of the hearing, Appellant was adjudicated delinquent for PWID (marijuana), possession of a firearm by a minor, and carrying a firearm without a license. Id. at 106-07.[3] The trial court also found that Appellant failed to pay fines and costs for a citation stemming from an unrelated offense. Id. at 106. The trial court dismissed the charge of receiving stolen property. Id. at 105. On August 14, 2007, after a dispositional hearing, the trial court ordered that Appellant be placed in a residential treatment facility, attend rehabilitative and educational programs, and pay requisite fees. The court also ordered supervised probation and community service.
¶ 5 On September 11, 2007, Appellant filed a timely notice of appeal from the dispositional order. See Commonwealth v. S.F., 912 A.2d 887, 888-89 (Pa.Super.2006) (explaining that a direct appeal lies from the order of disposition entered after an adjudication by a juvenile court). On September 26, 2007, Appellant filed a timely Rule 1925(b) statement of the matters complained of on appeal in accordance with the trial court's order. Appellant asks us to review the following questions:
A. Whether the evidence was insufficient to show that the marijuana was possessed with intent to distribute?
B. Whether the evidence was insufficient to show "possession" of the firearm as required in the Possession of a Firearm by Minor charge as well as Possession of a Firearm without a license charge?
C. Whether the finding of adjudication as to the charge of Possession with Intent to Distribute Marijuana was against the weight of the evidence?
Appellant's Brief, at 4.
¶ 6 We first consider Appellant's claim that the evidence was insufficient to prove PWID. The Superior Court will not disturb the lower court's disposition absent a manifest abuse of discretion. In the Interest of J.D., 798 A.2d 210, 213 (Pa.Super.2002). When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof "beyond a reasonable doubt." In the Interest of A.D., 771 A.2d 45, 48 (Pa.Super.2001) (en banc). When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. Id.
In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be *367 applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
In re J.D., 798 A.2d at 212 (citations omitted). The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Id. at 212-13. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. Id. at 213.
¶ 7 Evidence is sufficient to prove PWID where the Commonwealth proves beyond a reasonable doubt that the defendant possessed a controlled substance he was not licensed to possess, and that he did so under circumstances demonstrating an intent to deliver that substance. In the Interest of C.C.J., 799 A.2d 116, 118, 120 (Pa.Super.2002); Commonwealth v. Griffin, 804 A.2d 1, 15 (Pa.Super.2002); Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa.Super.2000) (en banc). All of the facts and circumstances surrounding the possession of a controlled substance are relevant in making a determination of intent to deliver. In the Interest of Evans, 717 A.2d 542, 546 (Pa.Super.1998). The amount of the controlled substance involved is not crucial to establishing an inference of possession with the intent to deliver, if other facts are present. Id. Factors which may be relevant in establishing PWID include the form of the drug, the particular method of packaging, the behavior of the defendant, the presence of a handgun, the absence of drug use paraphernalia, large sums of cash found on the individual, and expert testimony concerning whether the facts in the case are consistent with an intent to deliver rather than an intent to possess for personal use. Commonwealth v. Ratsamy, 594 Pa. 176, 934 A.2d 1233, 1237-38 (2007); Commonwealth v. Jackson, 435 Pa.Super. 410, 645 A.2d 1366, 1368 (1994).
¶ 8 In the instant case, Officer Seibel testified that, prior to the vehicle in which Appellant was a passenger crashing into a house, he saw Appellant throw a plastic bag and a metal object out of the passenger side window of the vehicle. N.T., 7/23/07, at 19, 20, 35. Shortly after arresting Appellant, Officer Seibel recovered one large plastic bag containing six bags of marijuana from the ground, approximately three feet from the passenger side of the vehicle. Id. at 22, 26, 50, 52, 53. The substance in the bags, which had a combined weight of 5.3 grams, tested positive for marijuana. Id. at 46, 52. Officer Seibel also recovered a loaded semi-automatic pistol, which was found on top of debris under the front bumper of the vehicle. Id. at 25-26, 35. In addition, Appellant told Officer Kahley that the marijuana belonged to him and that he had thrown it out of the vehicle. Id. at 45, 58. The Commonwealth's expert witness, Detective James McBride of the York County District Attorney's Office, testified that, based on the packaging of the marijuana, the lack of use paraphernalia found at the scene and the presence of a handgun, it was his expert opinion that the drugs were possessed with the intent to deliver. Id. at 84-86. In viewing the evidence in the light most favorable to the Commonwealth, we find that the evidence sufficiently demonstrates that Appellant possessed marijuana with the intent to deliver.
¶ 9 Appellant argues that the evidence was insufficient to adjudicate him because *368 there was no direct evidence demonstrating that he sold or delivered marijuana, or attempted to sell or deliver marijuana. Appellant's Brief, at 13. He also argues that the evidence is insufficient to prove PWID because he possessed only a small amount of marijuana, a small amount of cash was found at the scene of the incident, and because paraphernalia to use marijuana could be easily obtained. Id. at 13-14. However, the lack of testimony that Appellant was actually seen delivering the drug, as well as the other factors argued by Appellant, do not preclude an adjudication when testimony presented was able to otherwise establish possession with intent to deliver. Ratsamy, 934 A.2d at 1236-38; Jackson, 645 A.2d at 1368. There are many factors the trial court may consider in making a determination of PWID, including the packaging of the controlled substance and the presence of a handgun. Id. The expert witness in this case based his opinion regarding PWID upon those factors, along with the absence of use paraphernalia, and this Court must not disregard that opinion or reweigh the evidence. Ratsamy, 934 A.2d at 1236.
¶ 10 Although Appellant cites Commonwealth v. Clark, 895 A.2d 633 (Pa.Super.2006), to support his position that the evidence was insufficient to prove PWID, the Pennsylvania Supreme Court vacated our Court's order on February 27, 2008, and remanded the case to the trial court for reinstatement of the jury's verdict of PWID. Commonwealth v. Clark, 942 A.2d 895 (Pa.2008). The Pennsylvania Supreme Court in Clark rendered its decision without a published opinion, citing Ratsamy. In Ratsamy, the Pennsylvania Supreme Court vacated an order of the Superior Court and remanded for reinstatement of the sentence for PWID. Ratsamy was convicted of PWID based on factors including his possession of a plastic bag containing cocaine weighing 6.02 grams, $349.00 in United States currency, and a handgun-as well as possession of 199 new plastic packets by an individual with defendant. Ratsamy, 934 A.2d at 1235. The trial court found that the amount of crack cocaine was "significant." Id. The trial court credited the testimony of the expert witness, a narcotics expert, who testified that Ratsamy possessed the drugs with the intent to deliver based upon the amount and packaging of the cocaine, together with the new plastic bags discovered on his compatriot. Id. The Supreme Court found that the Superior Court, in vacating the lower court's judgment of sentence for PWID, disregarded the expert's opinion and misapplied the correct standard of review:
[T]he Superior Court impermissibly re-weighed the evidence presented. The Court opined, "other than the size of the `rock,' there is really no evidence that [Ratsamy (appellee)] possessed this piece of crack with the intent to deliver it to another." However, the trial court found that appellee was "in possession of a significant amount of crack cocaine." The compatriot's possession of a large quantity of unused ziplock bags was consistent with an intent to distribute. The expert testified that the circumstances surrounding appellee's possession established that appellee intended to distribute the contraband. The trial court found the expert's opinion that appellee possessed the crack cocaine with an intent to deliver to be credible.
The Superior Court disregarded the expert's opinion that appellee possessed the crack cocaine with the intent to deliver. The Court stated "the Commonwealth's expert opinion represents a leap that is not corroborated by other independent evidence. It is also a leap that does not appear to be totally justified by logic. The piece of crack cocaine seized from [Ratsamy] weighed 6.2 *369 grams, or less than one-quarter ounce, and less than the size of two 'eight-balls,' a quantity of drugs that is not an uncommon purchase from drug sellers. As such, it is hardly inconceivable that one who could afford to do so would buy crack cocaine in the quantity found here." But whether or not it was "hardly inconceivable" that appellee could have possessed the crack for his own use is not the correct standard of review. The Superior Court cannot deem incredible that which the fact-finder deemed worthy of belief.
Moreover, expert testimony is important in drug cases where the other evidence may not conclusively establish that the drugs were intended for distribution. Such testimony is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver. The amount of the controlled substance is not "crucial to establish an inference of possession with intent to deliver, if . . . other facts are present."
Id. at 1236-37 (citations omitted). The Pennsylvania Supreme Court found that the evidence was sufficient to sustain Ratsamy's conviction of PWID, citing as relevant factors his possession of a loaded handgun, the absence of drug use paraphernalia, his interaction with an individual who was the subject of a narcotics surveillance, the location, the 199 unused plastic bags, and the quantity of U.S. currency. Id. at 1238.
¶ 11 As discussed above, in this case the expert witness testified that the evidence indicated an intent to distribute, citing the packaging of the marijuana in separate bags, the presence of the handgun, and the absence of use paraphernalia. N.T., 7/23/07, at 84-86. Clearly, by adjudicating Appellant delinquent on PWID, the trial court credited the testimony of Officers Seibel and Kahley and Detective McBridewhich testimony proves beyond a reasonable doubt that Appellant possessed marijuana with intent to deliver. Credibility is a matter for the factfinder, in this case the hearing judge. See Commonwealth v. McClendon, 874 A.2d 1223, 1228-29 (Pa.Super.2005) (holding that, in sufficiency of the evidence claims, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part, or none of the evidence"). In sum, the Commonwealth provided sufficient evidence to establish beyond a reasonable doubt that Appellant possessed marijuana with the intent to deliver.
¶ 12 Appellant's final claims on appeal are that the evidence was insufficient to show "possession" of a firearm required in the charges for carrying a firearm without a license and possession of a firearm by a minor. 18 Pa.C.S.A section 6106, prohibiting firearms to be carried without a license, reads:
(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
18 Pa.C.S.A. § 6106(1). The statute prohibiting possession of a firearm by a minor reads:
(a) Firearm.Except as provided in subsection (b), a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth.
18 Pa.C.S.A. § 6110.1(a). To prove possession of a firearm, the Commonwealth must establish that an individual either had actual physical possession of the weapon or had the power of control over the *370 weapon with the intention to exercise that control. Commonwealth v. Carter, 304 Pa.Super. 142, 450 A.2d 142, 144 (1982). Possession may be proven by circumstantial evidence. Id.
¶ 13 In this case, Officer Seibel testified that he saw Appellant throw a metal object from the passenger-side window of the vehicle in which he was riding, and that Officer Seibel was no more than ten feet from the vehicle when he witnessed it. N.T., 7/23/07, at 19. Shortly after he arrested Appellant, Officer Seibel recovered a loaded handgun from the front of the vehicle. Id. at 25-26. No other metal objects were found in the vicinity that could have been what Officer Seibel saw thrown from the window. Id. at 37. The evidence in this case, including the testimony of Officer Seibel, is sufficient to establish that Appellant possessed the firearm found at the scene of the incident. In adjudicating Appellant on the firearms charges, the trial court stated that it was satisfied with the evidence that Appellant "did have the weapon in his possession and did throw it out the window" of the vehicle, referring to Officer Seibel's testimony that Appellant threw a metal object from the window of the car and that Officer Seibel found a handgun near the front of the car. Id. at 104, 105. Clearly, the trial court credited Officer Seibel's testimony in this case. Although Appellant implies that Officer Seibel's observation was not reliable, the factfinder-here, the hearing judge-is free to believe all, part or none of the testimony. See McClendon, 874 A.2d at 1228-29 (holding that credibility is a matter for the factfinder). In sum, we find that the Commonwealth provided sufficient evidence to prove that Appellant was a minor who possessed a firearm without a license.[4]
¶ 14 We now turn to Appellant's claim that the adjudication of PWID was against the weight of the evidence. The determination of whether a verdict is against the weight of the evidence is governed by the standard set forth in Commonwealth v. Champney, 574 Pa. 435, 832 A.2d 403 (2003):
The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
Champney, 832 A.2d at 408 (citations omitted). This Court applies the same standard for reviewing weight claims in juvenile cases. McElrath v. Commonwealth, 405 Pa.Super. 431, 592 A.2d 740, 745 (1991). In considering weight of the evidence claims, it is not the function of an appellate court to substitute its judgment *371 based on a cold record for that of the judge who conducted the juvenile adjudication hearing. Id. Credibility is for the trier of fact, who is free to believe all, part or none of the evidence presented. Id. A challenge to the weight of the evidence concedes that sufficient evidence exists to sustain the verdict, but questions which evidence is to be believed. Commonwealth v. Charlton, 902 A.2d 554, 561 (Pa.Super.2006), appeal denied, 590 Pa. 655, 911 A.2d 933 (2006). An appellate court reviews the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Commonwealth v. Gibson, 553 Pa. 648, 720 A.2d 473, 480 (1998).
¶ 15 In juvenile proceedings, appellants must preserve issues on appeal by raising them in the trial court; otherwise, they are waived. In the Interest of Del-Signore, 249 Pa.Super. 149, 375 A.2d 803, 805-06 (1977). In DelSignore, the appellant (DelSignore), who had been adjudicated delinquent, argued that the petition did not properly charge that she had committed a crime. Id. DelSignore also argued that she was denied various constitutional rights. Id. at 808. The Court held that DelSignore waived those arguments because counsel did not raise objections to the alleged errors in the trial court. Id. at 805, 808. The Court held that while juvenile proceedings are not quite civil and not quite criminal, the "purposes of the waiver doctrine argue for its application in such proceedings." Id. at 805.[5]
¶ 16 A juvenile's right to file post-dispositional motions has been recognized by Juvenile Court Procedure Rule 520, which became effective on August 20, 2007.[6] Rule 520 permits the filing of post-dispositional motions on an optional basis. Rule 520 also provides clear authority that appellants in juvenile cases must preserve issues on appeal by raising them in the juvenile court. Rule 520 states:
A. Optional Post-Dispositional Motion.
(1) The parties shall have the right to make a post-dispositional motion. All requests for relief from the court shall be stated with specificity and particularity, and shall be consolidated in the post-dispositional motion.
(2) Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.
Pa.R.J.C.P. 520(A)(1), (2). The official Comment to Rule 520 discusses the appeal of "properly preserved issues":
Under paragraph (A)(2), any issue raised before or during adjudication is deemed preserved for appeal whether a party chooses to raise the issue in a post-dispositional motion. It follows that the failure to brief or argue an issue in the post-dispositional motion would not waive that issue on appeal as long as the issue was properly preserved, in the *372 first instance, before or during adjudication.

Comment, Pa.R.J.C.P. 520 (emphasis added). The Comment further states that:
Issues properly preserved at the dispositional hearing need not, but may, be raised again in a motion to modify disposition in order to preserve them for appeal. In deciding whether to move to modify disposition, counsel carefully is to consider whether the record created at the dispositional hearing is adequate for appellate review of the issues, or the issues may be waived.
Id. (citing Commonwealth v. Jarvis, 444 Pa.Super. 295, 663 A.2d 790, 791-92 (1995) (holding that issues not raised in the lower court are waived and cannot be raised for the first time on appeal)).
¶ 17 In this case, Appellant failed to raise the weight claim or otherwise object to the trial court's rulings during the adjudication conducted on July 23, 2007. Furthermore, Appellant did not present this claim at the dispositional hearing conducted on August 14, 2007. Because Appellant did not raise his weight claim in the juvenile court, any such challenge is waived on appeal, and we cannot consider it further. DelSignore, 375 A.2d at 805-06; Smith, 573 A.2d at 1081-82.[7]
¶ 18 Order affirmed.
¶ 19 STEVENS, J. concurs in the result.
NOTES
[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 3925(a), 6106(a)(1) and 6110.1(a), respectively. The juvenile petition also averred that Appellant failed to pay fines and costs concerning a citation unrelated to this appeal.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The trial court also adjudicated Appellant delinquent with respect to other offenses unrelated to the instant appealwhich matters had been transferred to York County by the Juvenile Court in Lancaster County. N.T., 7/23/07, at 108.
[4] Appellant also argues that the evidence was insufficient to prove possession of a firearm because Officer Kahley did not observe anything being thrown from the vehicle, because the driver of the vehicle testified that the handgun was found in a different location than the location described by Officer Seibel, because the driver testified he had never seen the handgun prior to an officer showing it to him, and because no fingerprints were found on the handgun. Appellant's Brief, at 16; N.T., 7/23/07, at 43, 53-54, 76, 79-80. These claims go to the findings of fact and credibility of the witnesses, which are matters for the hearing judge.
[5] An en banc panel of this Court recognized the continued validity of the waiver doctrine as applied in DelSignore. In the Matter of Smith, 393 Pa.Super. 39, 573 A.2d 1077, 1081-82 (1990) (en banc). While the Smith Court did not achieve a majority on all points implicated by the appeal, the Court did agree on the application of the waiver doctrine in the juvenile court context.
[6] The dispositional order in this case was filed August 14, 2007, prior to the implementation of Rule 520 of the Rules of Juvenile Court Procedure on August 20, 2007. Although we apply the waiver doctrine to the instant case based on DelSignore and subsequent case authority, we note Rule 520's application in cases where the dispositional order was filed on or after August 20, 2007.
[7] Even if Appellant had properly preserved the weight claim, we could not grant relief. Appellant argues that the finding of PWID was against the weight of the evidence because "reliance by the Court on the expert's testimony is improper where clearly the evidence was insufficient." Appellant's Brief, at 17. That is the same argument Appellant raised with respect to sufficiency of the evidence. As discussed above, by adjudicating Appellant delinquent, the trial court clearly found the testimony of the expert to be credible. The trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence. McElrath, 592 A.2d at 745; McClendon, 874 A.2d at 1228-29. This Court cannot re-weigh the evidence presented to the factfinder. Ratsamy, 934 A.2d at 1236.