J-S38045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PIERRE BEAVOGUI | |
| Appellant | No. 414 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0006727-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2017**

Appellant, Pierre Beavogui, appeals from the judgment of sentence imposed in the Philadelphia County Court of Common Pleas after he was found guilty of robbery—threatening serious bodily injury[1] and possession of an instrument of crime[2] at a nonjury trial.  Appellant claims the evidence is insufficient.  We affirm.

The trial court summarized the evidence presented at trial as follows.

> This case involves an incident which occurred at 3521 North Smedley Street in Philadelphia on January 21, 2012.  Reginald Hassan owns a car detailing shop at that address.  Late in the afternoon, at around 6PM, Appellant arrived with a second male to discuss a deal involving the sale of Mr. Hassan's Mercedes Benz CLS.  Mr. Hassan showed Appellant the vehicle; he showed him what was under the hood, discussed the number of miles, and went through the entire vehicle.  After ten minutes, Mr. Hassan asked Appellant if he was ready to buy or not.  Then,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 907.

Appellant and his co- conspirator each pulled out a handgun and pointed it at Mr. Hassan. [Mr. Hassan testified at trial that Appellant and the co-conspirator were located less than ten feet away when they pulled out their firearms. Mr. Hassan described Appellant's firearm as "a black firearm, a semiautomatic weapon,"[3] about seven to eight inches long.] With Appellant's partner still pointing his gun at Mr. Hassan, Appellant went through each pocket in Mr. Hassan's jacket at which point Mr. Hassan throws his jacket at Appellant. Appellant took the jacket, Mr. Hassan's chain, and his iPad. Appellant and his partner left in a car outside the shop. As Appellant pulled away he shouted to Mr. Hassan saying, "[D]on't you effing call the cops, you know, we'll effing kill your kids."

Appellant took, in total from Mr. Hassan, the iPad, a chain with a face on it, and $49,500 in cash. In support of his claim that he had $49,500 on his person, Mr. Hassan offers bank receipts indicating that he had withdrawn some of the cash for a contracting job at 1737 Christian Street. The rest he had won by gambling. Mr. Hassan withdrew from two separate accounts in the following denominations; $5,000 from account number XXXX8101, $6,010 from Wells Fargo Account XXXXXXXX4634, and $9,000 from the same Wells Fargo Account. All accounts are under Mr. Hassan's name and all three withdrawals were made on January 20, 2012. The gold chain was also recovered. During the trial testimony, when asked if anything else had been taken from him Mr. Hassan responded, "No, nothing else was taken but my pride."

After being robbed, Mr. Hassan contacted his friend to go looking for Appellant to try and get his money back. His co-conspirator was armed. After they both searched unsuccessfully for several hours and Mr. Hassan was able to calm down, Mr. Hassan called the police and reported the robbery. During the police investigation fingerprints were taken from the front paneling of the Mercedes. Mr. Hassan's story is corroborated by the Incident Report filed by Officer [Loretta] Ammonds.

Mr. Hassan and Appellant had met twice before the robbery on January 21, 2012. The first time that Appellant and Mr. Hassan met was at a gas station in Yeadon a few weeks before

---

[3] N.T., 5/29/15, at 18.

the robbery. During this meeting, Appellant and Mr. Hassan discussed the sale of Mr. Hassan's Mercedes Benz CLS. The second time Mr. Hassan and Appellant met was at the Microtel to further discuss the sale of the car. During this meeting, Mr. Hassan also met the second individual who robbed him on January 21, 2012. This is the last time Mr. Hassan would see Appellant until months later when Mr. Hassan saw Appellant in Harrah's casino in Chester. During the encounter, Mr. Hassan confronted Appellant and then contacted the police. Appellant was arrested on January 28, 2013. After the arrest, Appellant's fingerprints were taken and compared to the latent prints taken from the Mercedes. The fingerprint comparison yielded a match between Appellant's left middle and ring finger and the latent prints taken from passenger front quarter panel of the Mercedes. Appellant did not have a valid license to carry firearms nor did he have a valid Sportsman's Firearm Permit.

Appellant testified at trial that he has never had a gun in his entire life. He testified that he has never robbed anyone in the United States in his entire life. According to Appellant, he met with someone he called Buddy during the encounter at the gas station to discuss the sale of the Mercedes, not with Mr. Hassan. Buddy offered the car for $17,000 with a defective battery. Appellant attempted to get a lower price and agreed to meet at a later date to see the vehicle after a new battery has been installed.

On January 21, 2012, Appellant testified on direct examination that he arrived at Mr. Hassan's shop. Mr. Hassan then told Appellant to go to the Microtel where Mr. Hassan would meet him after installing the new battery. Appellant testifies that it was Mr. Hassan's room at the Microtel. Appellant did not purchase the vehicle during this meeting. Appellant testified that this is the last time he saw Mr. Hassan until their encounter at Harrah's Casino months later. On Cross Examination, Appellant testified that Buddy introduced him to Mr. Hassan. At the point when Appellant arrived at Mr. Hassan's shop, there were three people present along with Mr. Hassan. He then testified again on Cross-Examination that he met Mr. Hassan at the Microtel.

In his statement to Detective Hardcastle[4] on January 28, 2013, Detective Hardcastle asked Appellant, "Was anyone else inside the detail shop when you went to buy the Mercedes?" to which Appellant responded, "No." During the same, Detective Hardcastle asked Appellant, "Have you ever been to that hotel with the person you were buying the Mercedes from?" to which he responded, "No." Appellant and Detective Hardcastle reviewed and discussed the record of the interview together prior to Appellant signing each page of the interview with Detective Hardcastle. Appellant testified that Detective Hardcastle did not understand Appellant's English. Appellant testified that he got in trouble in New York for a white-collar crime involving credit cards.

Trial Ct. Op., 12/1/16, at 2-5 (record citations omitted).

Appellant proceeded to a nonjury trial on May 29, 2015. The trial court found Appellant guilty of robbery—threatening serious bodily injury and possession of an instrument of crime. On January 7, 2016, the trial court sentenced Appellant to an aggregate sentence of five to eleven years' imprisonment.

Appellant timely appealed from the judgment of sentence and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. This appeal followed.

Appellant presents the following questions for review:

WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW SUCH THAT NO REASONABLE FACT FINDER COULD HAVE FOUND APPELLANT THREATENED THE COMPLAINANT WITH, OR INTENTIONALLY PUT THE COMPLAINANT IN FEAR OF, IMMEDIATE SERIOUS BODILY HARM, SUFFICIENT TO SUPPORT A CONVICTION FOR ROBBERY.

WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW SUCH THAT NO REASONABLE FACT FINDER COULD HAVE

---

[4] Detective Hardcastle's first name is not apparent in the record.

FOUND APPELLANT POSSESSED AN INSTRUMENT OF CRIME
WITH INTENT TO EMPLOY SAME CRIMINALLY, SUFFICIENT TO
SUPPORT A CONVICTION OF POSSESSION OF AN INSTRUMENT
OF CRIME.

Appellant's Brief at 7.

Appellant first argues there is insufficient evidence to sustain a conviction of robbery because the Commonwealth has failed to prove his actions threatened or placed Mr. Hassan ("the victim") in immediate fear of serious bodily injury. Appellant notes the victim did not testify he was afraid of suffering serious bodily injury. Appellant further suggests that the victim threw his jacket at Appellant out of defiance during the robbery and pursued Appellant after the robbery. No relief is due.

When reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon credibility of witnesses and the weight of the evidence, is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted), *appeal denied*, 138 A.3d 4 (Pa. 2016).

"A person is guilty of robbery if, in the course of committing a theft, he . . . (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury . . . ." 18 Pa.C.S. § 3701(a)(1)(ii). This Court uses an objective standard to determine whether the defendant has threatened another with fear of immediate serious bodily injury. *Commonwealth v. Kubis*, 978 A.2d 391, 398 (Pa. Super. 2009). The subjective state of mind of the victim is not controlling. *Id.* Further, "the threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury. . . ." *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. 2000).

Viewed in the light most favorable to the Commonwealth, the evidence is sufficient to sustain Appellant's conviction for robbery—threatening serious bodily injury. The victim testified Appellant and a co-conspirator, from less than ten feet away, pulled out their firearms and pointed them at the victim. The co-conspirator continued to point his firearm at the victim while Appellant went through the victim's pockets. Under these circumstances, a reasonable person would be placed in fear of immediate serious bodily injury. *See Kubis*, 978 A.2d at 398; *Hopkins*, 747 A.2d at 914. Appellant's suggestion that the victim was unafraid goes to the victim's subjective state of mind, which is not dispositive. *See Kubis*, 978 A.2d at 398. Thus, Appellant's first argument must fail.

Next, Appellant argues the evidence is insufficient to establish possession of an instrument of crime. Appellant asserts the firearm used by Appellant was not discovered during police investigation and the victim's testimony alone was insufficient to find that he possessed a firearm. We disagree.

"A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(b). "To prove possession . . . the Commonwealth must establish that an individual either had actual physical possession of the weapon or had the power of control over the weapon with the intention to exercise that control." *In re R.N.*, 951 A.2d 363, 369-70 (Pa. Super. 2008). The testimony of a single witness is enough to prove possession of an instrument of crime. *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014); *cf. Commonwealth v. Robinson*, 817 A.2d 1153, 1161-62 (Pa. Super. 2003). Moreover, the use of the weapon to perpetrate a robbery establishes the defendant's intent to employ the weapon criminally. *Commonwealth v. Robertson*, 874 A.2d 1200, 1209 (Pa. Super. 2005).

Instantly, the victim testified without hesitation he saw both Appellant and a co-conspirator carrying firearms during the robbery. The victim was able to describe Appellant's firearm in detail, including its type, size, and color. Therefore, the victim's testimony establishes Appellant possessed a firearm and used it in the course of a robbery. *See Antidormi*, 84 A.3d at 751; *Robertson*, 874 A.2d at 1209. Accordingly, Appellant's second argument warrants no relief.

Lastly, Appellant argues that the evidence was insufficient because the victim's testimony regarding the entire robbery was inconsistent, incredible, and uncorroborated by any physical evidence.[5]  Further, Appellant's challenge to the victim's credibility or weight of the evidence ignores our standard of review, which requires us to review the evidence in a light most favorable to the Commonwealth. **See Talbert**, 129 A.3d 536, 542-43.  In any event, having reviewed the record, we conclude there was ample basis for the trial court to credit the victim's testimony and find Appellant guilty of robbery—threatening serious bodily injury and possessing an instrument crime.  **See Robinson**, 817 A.2d at 1161-62 (noting that "there is no requirement that the items taken in a theft or robbery be recovered" and the fact that a weapon is not found "is not dispositive" of whether the defendant was in possession of a firearm).  Accordingly, no relief is due on Appellant's final argument, and his challenges to the sufficiency of the evidence fail.

Judgment of sentence affirmed.

---

[5] Claims directed at the credibility of testimony implicate the weight, not the sufficiency, of the evidence.  Any challenge to the weight of the evidence has been waived. **Commonwealth v. Lopez**, 57 A.3d 74, 80 (Pa. Super. 2012); **see also** Pa.R.A.P. 1925(b)(4)(vii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017