J-A12025-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TEVIN BRONAUGH | : | |
| | : | |
| Appellant | : | No. 1009 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 4, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006768-2017

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                            FILED MAY 21, 2020

Appellant, Tevin Bronaugh, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for persons not to possess a firearm and tampering with physical evidence.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case as follows:

> [Appellant] was charged by criminal information with one count each of Receiving Stolen Property, Violation of the Uniform Firearms Act (VUFA) – Carrying a Concealed Weapon Without a License, VUFA – Person not to Possess, Tampering with Physical Evidence[,] and Escape.  On March 6, 2019, [Appellant] waived his right to a jury trial and proceeded before this court in a non-jury trial.  At the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105; 4910(1), respectively.

outset, the Commonwealth withdrew the receiving stolen property and escape counts.

The parties stipulated that [Appellant] did not possess a concealed carry permit and had prior convictions that prohibited his possession of a firearm. The Commonwealth then presented one witness, former McKees Rocks and current Pittsburgh Police Officer, Steven Harris. At the conclusion of the evidence, and after the arguments of counsel, the [c]ourt adjudicated [Appellant] guilty of VUFA – person not to possess and tampering with physical evidence and not guilty of VUFA – carrying without a license. On [June 4, 2019, Appellant] was sentenced to two and one-half to five years at the VUFA count and a consecutive term of six to twelve months for tampering with evidence, for an aggregate sentence of three to six years. He was given credit for [time served] prior to sentencing. A timely notice of appeal was filed [on July 5, 2019 (July 4, 2019 was a court holiday)] and, pursuant to this [c]ourt's order, [Appellant] filed a Concise Statement of Errors Complained of on Appeal in which he raised a single claim: that the evidence was insufficient as to both counts.

Officer Harris testified that he was on patrol on May 13, 2017 in McKees Rocks Borough when he was dispatched to 22 Locust Street to respond to a report that three men had tried to force entry into that residence. They were described as wearing hoodies; two grey and one black. When he arrived, he observed three young men wearing hoodies. He stepped from his vehicle and ordered them to stop, which they initially did. As he reached into his vehicle to turn on his lights, the individual in the black hoodie began to walk away from him. When Officer Harris exited his vehicle, this person ran, and the officer gave chase. He began to pursue him, holding his flashlight on [Appellant] as he ran. He kept [Appellant] in sight for all but a few seconds when a car passed between them. During the chase, he observed [Appellant] grabbing at his waistband, as if he was trying to clutch at something held there. His experience told him that this was a common area where firearms are found and that armed suspects will often clutch there as they run, trying to hold the weapon in place.

[Appellant] ran up a ramp that ended at a wall alongside

- 2 -

railroad tracks. He tried to climb over the wall but failed. As the officer got closer and shined the flashlight on him, he saw [Appellant] make a throwing motion with his left arm. He could not identify the black object he saw traveling from [Appellant's] left hand and go up onto the tracks. He did, however, hear a loud thud as that object hit the ground near the tracks. Assisted by a [D]etective Finnerty, he took [Appellant] into custody and then returned to the area where [Appellant] had thrown the black object where he discovered a Sig Sauer nine-millimeter lying on the ground, about three feet from a black cellphone later determined to belong to [Appellant]. [Appellant] did not have a cell phone in his possession when apprehended. The firearm was tested at the Allegheny County Crime Lab and determined to be operable. No DNA or fingerprints were found on the weapon.

(Trial Court Opinion, filed December 9, 2019, at 2-4) (internal citations omitted).

Appellant raises the following issue for our review:

WAS THE EVIDENCE INSUFFICIENT TO SUSTAIN THE CONVICTIONS FOR POSSESSION OF FIREARM PROHIBITED (18 PA.C.S. § 6105(A)(1)), AND TAMPER[ING] WITH PHYSICAL EVIDENCE (18 PA.C.S. § 4910), INSOFAR AS THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS IN POSSESSION OF THE FIREARM THAT WAS LOCATED IN PROXIMITY TO WHERE HE WAS ARRESTED?

(Appellant's Brief at 5).

When examining a challenge to the sufficiency of evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the

> Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa.Super. 2011), appeal denied, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting Commonwealth v. Jones, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that he was in possession of the firearm recovered in close proximity to him upon apprehension. Appellant asserts the Commonwealth's sole witness, Officer Harris, did not observe Appellant carrying a gun during the police chase. Appellant claims the Commonwealth failed to produce any DNA or fingerprint evidence that linked Appellant to the recovered gun. Appellant maintains Officer Harris was unable to identify the object the officer saw Appellant discard. Appellant insists the item the officer saw Appellant toss could have been Appellant's cellphone. Appellant claims the fact that he was clutching his waistband during the police chase did not mean he was carrying a gun, as Appellant might have just been holding up his pants. Appellant stresses that Officer Harris did not see a bulge in Appellant's

clothing. Appellant submits the Commonwealth presented nothing more than Appellant's mere presence in the proximity of the recovered gun. Appellant concludes the Commonwealth failed to prove he constructively possessed the gun necessary to sustain his conviction for persons not to possess a firearm, and this Court should reverse his conviction.[2] We disagree.

The Crimes Code defines the offense of persons not to possess a firearm, in relevant part, as follows:

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

(a) Offense defined.—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1) (effective January 3, 2017 to April 9, 2019).

_____

[2] Appellant does not cite to the statute for tampering with physical evidence or provide any separate argument concerning the sufficiency of the evidence for that offense. Rather, Appellant simply offers one sentence challenging the sufficiency of the evidence for his tampering conviction, stating: "Because the evidence was insufficient to establish that [Appellant] possessed the gun, it was also insufficient to prove that he tampered with the gun." (Appellant's Brief at 13). Appellant's failure to develop this claim in a meaningful way with citations to authority constitutes waiver on appeal. See Pa.R.A.P. 2119(a) (discussing requirements for argument section in appellate brief); Commonwealth v. Spotz, 610 Pa. 17, 80 n.21, 18 A.3d 244, 281 n.21 (2011) (explaining appellant's one sentence argument "does not constitute a developed, reasoned, supported, or even intelligible argument. The matter is waived for lack of development").

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." Jones, supra at 121 (quoting Commonwealth v. Haskins, 677 A.2d 328, 330 (Pa.Super. 1996), appeal denied, 547 Pa. 751, 692 A.2d 563 (1997)). This Court has defined constructive possession as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as the "power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> Commonwealth v. Brown, 48 A.3d 426, 430 (Pa.Super. 2012) (quotation omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." Id. (citation omitted).

Commonwealth v. Roberts, 133 A.3d 759, 767-68 (Pa.Super. 2016), appeal denied, 636 Pa. 675, 145 A.3d 725 (2016) (holding evidence was sufficient to connect appellant to specific area where sergeant discovered cocaine to prove appellant had control and possession of it, i.e., constructive possession; specifically, record showed that sergeant who had discovered controlled substance immediately "backtracked" appellant's path; sergeant testified that in area where he had observed appellant run around parked vehicle, he found

cell phone which had picture of appellant as screen saver, lying by vehicle's tire, and within four feet, sergeant found two large plastic baggies containing white substance, which subsequently tested positive for cocaine). See also In re R.N., 951 A.2d 363 (Pa.Super. 2008) (holding evidence was sufficient to support juvenile's adjudication of delinquency for possession of firearm where officer testified that he saw appellant throw metal object from passenger-side window of vehicle in which he was riding, and that officer was no more than ten feet from vehicle when he witnessed it; shortly after he arrested appellant, officer recovered loaded handgun from front of vehicle; no other metal objects were found in vicinity that could have been what officer saw thrown from window; evidence in this case, including testimony of officer, is sufficient to establish appellant possessed firearm found at crime scene).

Instantly, the trial court addressed Appellant's sufficiency claim as follows:

> This [c]ourt determined that the evidence established, beyond a reasonable doubt, that [Appellant] possessed the firearm found lying near the railroad tracks. The circumstances of [Appellant's] flight, his clutching at something in his waistband, his tossing of a black object onto the railroad tracks and the discovery of a firearm in the area where this object was thrown, when taken together, convinced this court, beyond a reasonable doubt, that [Appellant] possessed that weapon and threw it onto the tracks when being chased and his capture appeared imminent.

(Trial Court Opinion at 5). We agree with the trial court that the totality of the circumstances established Appellant's constructive possession of the

firearm.  See Roberts, supra; In re: R.N., supra.  Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction for persons not to possess a firearm.  See 18 Pa.C.S.A. § 6105;  Hansley, supra.  Therefore, Appellant's challenge to his tampering conviction is waived;  and his sufficiency claim concerning his firearms offense merits no relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2020