J. S70011/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                 v.                      :
                                         :
LEROY THOMAS TAYLOR,            :          No. 2976 EDA 2017
                                         :
                Appellant         :

Appeal from the Judgment of Sentence, September 8, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002697-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 04, 2019**

Leroy Thomas Taylor appeals the September 8, 2017 judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to an aggregate term of 5 to 10 years' imprisonment for possession of a firearm while prohibited, carrying firearms without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime.[1] After careful review, we affirm.

The facts, as recounted by the trial court, are as follows:

> On February 7, 2016, neighbors Angel Rivera and [a]ppellant got into an altercation over Rivera's girlfriend, who was pregnant with [a]ppellant's child. The fight, which took place in public outside of 2710 North Reese Street, soon became physical and [a]ppellant punched Rivera in the eye. Several other parties became involved and separated [a]ppellant

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, 6108, and 907, respectively.

and Rivera. At this point [a]ppellant went into his home and came back outside. Rivera saw that [a]ppellant now had a gun in his waistband. Rivera's daughter MariaAngely Rivera-Cruz also saw [a]ppellant with the gun. The police arrived a moment later and Rivera saw [a]ppellant put the gun on the ground behind the wheel of River's car. The police then retrieved the gun from under the car and arrested [a]ppellant while around 10-15 of Rivera's family members and neighbors observed.

Officer Anthony Nicoletti responded to a radio call for a black male with a black hoodie carrying a gun on the 2700-2800 block of Reese Street that night. When he arrived, he saw a group of around 10-15 people trying to prevent [a]ppellant from leaving Reese Street by frantically tugging on his clothing and yelling, "Don't let him leave. He threw the gun underneath the car." Appellant was the only person present who matched the police radio description. Officer Nicoletti then secured [a]ppellant while his partner Officer Hoffman recovered the pistol from under Rivera's car.

Officer Ronald Whiteman later investigated the pistol found at the scene and determined that it was loaded with nine cartridges of .45-caliber ammunition and that it was operable. Appellant was not licensed to carry a firearm on the date of this offense. Appellant was prohibited from possessing a handgun under the Firearms Act due to a previous conviction.

Trial court opinion, 12/12/17 at 2-3.

Following a non-jury trial, the trial court convicted appellant on April 28, 2017. On July 27, 2017, appellant filed a post-verdict motion for reconsideration of verdict. On September 8, 2017, the trial court denied the motion. Also on September 8, 2017, the trial court sentenced appellant. On September 9, 2017, appellant filed a notice of appeal. On November 14,

2017, the trial court ordered appellant to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on November 16, 2017. (**See** trial court opinion, 12/12/17 at 1-2.) The trial court issued an opinion, pursuant to Pa.R.A.P. 1925(a) on December 12, 2017.

On appeal, appellant contends that there was insufficient evidence to convict him of the four crimes. (Appellant's brief at 3.)

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

***Commonwealth v. Stokes***, 78 A.3d 644, 649 (Pa.Super. 2013), ***appeal denied***, 89 A.3d 661 (Pa. 2014) (citations omitted).

> Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

***Commonwealth v. Estepp***, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted), ***appeal dismissed***, 54 A.3d 22 (Pa. 2012).

Appellant specifically challenges the sufficiency of the evidence with respect to the three firearms convictions.

Section 6105 of the Crimes Code, entitled, "Persons not to possess, use, manufacture, control, sell or transfer firearms," provides in pertinent part:

> **(a)  Offense defined.--**
>
> (1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Section 6106 of the Crimes Code, entitled "Firearms not to be carried without a license," provides in pertinent part:

> **(a)  Offense defined.--**
>
> (1)  Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or

fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2)     A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a)(1-2).

Section 6108 of the Crimes Code, entitled, "Carrying firearms on public streets or public property in Philadelphia," provides in pertinent part:

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1)     such person is licensed to carry a firearm; or

(2)     such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

For all of these crimes, the Commonwealth must establish that appellant carried or possessed a firearm. *See In re R.N.*, 951 A.2d 363,

369-370 (Pa.Super. 2008). Appellant does not challenge the sufficiency of any of the other elements of these crimes.

Here, Angel Rivera ("Rivera") testified that after the initial altercation, appellant returned to the scene with a gun in his waistband. (Notes of testimony, 4/28/17 at 10.) Rivera also testified that he observed appellant putting the gun on the ground behind the wheel of Rivera's vehicle. (*Id.*) Rivera's daughter, MariaAngely Rivera-Cruz, testified that she saw appellant with a gun. (*Id.* at 35.)

In addition, Officer Anthony Nicoletti ("Officer Nicoletti") of the City of Philadelphia Police Department testified that when he arrived on the scene of the altercation, he saw a group of 10 to 15 people tugging on appellant's clothing and yelling, "Don't let him leave. He threw the gun underneath the car." (*Id.* at 22.) Officer Nicoletti also testified that his partner, Officer Hoffman, recovered a firearm from under Rivera's car. (*Id.* at 25.)

This court does not agree with appellant's assertion that the evidence was insufficient. Two eyewitnesses saw appellant with a firearm. Rivera saw him put the gun under the car or by the wheel. Others informed Officer Nicoletti that appellant had placed the gun under the vehicle, which is

where the firearm was recovered. Appellant's contention that the Commonwealth failed to present sufficient evidence is without merit.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/4/19

---

[2] Appellant argues that the Commonwealth failed to prove that he had constructive possession of the firearm. However, when the Commonwealth is able to prove actual possession, it does not have to prove constructive possession. ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983).