J-S37037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　：　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　：　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　v.　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
OMAR HOPKINS　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　Appellant　　　　　　　　：　　No. 513 EDA 2023

Appeal from the Judgment of Sentence Entered February 21, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0003110-2022

BEFORE:　BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:　　　　　　**FILED NOVEMBER 27, 2023**

Omar Hopkins (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia; and the summary offense of carrying a loaded weapon.[1]　We affirm.

The trial court summarized the following evidence:

> At a bench trial held on December 14, 2022, Police Officer David Allen testified that on February 22, 2022, at around 4:00 p.m., he was involved in the stop of a stolen car near Kensington and East Lehigh Avenues in Philadelphia.　N.T. 12/14/22 at 5. [Appellant] was in the back seat of the car.　*Id.* at 8.　While the car was coming to a stop, Appellant jumped out of the car and ran away.　*Id.* at 7-8.　Officer Allen chased Appellant on foot for about three blocks, never losing sight of him.　*Id.* at 8-9.　While they were running, Officer Allen saw Appellant reaching toward his

---

[1] *See* 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 6106.1(a).

waistband. *Id.* at 8, 9. Officer Allen then saw Appellant take something from his waist area and throw it onto the roof of a building at 1812 East Somerset Street. *Id.* at 13-14. Officer Allen could see the color and shape of the object as it flew through the air, and heard it make a metallic noise as it hit the roof. *Id.* at 14. Based on his five years of service as a police officer, in which he had made hundreds of firearms arrests, Officer Allen identified the object Appellant threw as a firearm with an extended magazine. *Id.* at 6, 9-10. While still pursuing Appellant, Officer Allen radioed to his colleagues that Appellant had tossed a firearm onto the roof of 1812 East Somerset Street. *Id.* at 10. Officer Allen apprehended Appellant at the corner of Somerset [Street] and Kensington [Avenue], handcuffed him, and asked [Southeastern Pennsylvania Transportation Authority] officers on the scene to hold him. *Id.* at 10, 15-16.

Officer Allen then returned to 1812 East Somerset Street, which was "right there by Kensington and Somerset." *Id.* at 16. By the time he returned, the owner of the building had set up a ladder to the building's roof. *Id.* at 16-17. Officer Allen climbed the ladder, recovered a loaded Black Taurus 9mm handgun with an extended magazine from the roof, and placed it on a property receipt. *Id.* at 10-11. He estimated that about a minute and a half passed between the time he saw Appellant throw the firearm onto the roof and the time he retrieved the firearm. *Id.* at 11-12. (On cross examination, Appellant's attorney showed that the time between the foot chase and the firearm recovery was likely a few minutes longer than a minute and a half.) *Id.* at 15-17. … The parties stipulated to the property receipt, to the firearm's operability, and to the fact that no DNA test was performed on the firearm. *Id.* at 11, 21. The parties also agreed that Appellant did not have a firearm permit and that he was statutorily ineligible for one. *Id.* at 29-30.

Trial Court Opinion, 5/26/23, at 1-2 (citations to line numbers omitted).

The trial court subsequently convicted Appellant of the above-described offenses. On February 21, 2023, the court sentenced Appellant to an aggregate prison term of 30 to 60 months, followed by two years of probation.

Appellant timely filed the instant appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of possession of a firearm prohibited … beyond a reasonable doubt?

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of firearm not to be carried without a license …?

3. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of carry[ing] firearms in public in Phila[delphia] … beyond a reasonable doubt?

4. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of carrying a loaded weapon … beyond a reasonable doubt?

5. Whether the [] verdict was against the weight of the evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

Appellant's Brief at 6-8 (capitalization modified, subparagraphs omitted).

In his first four issues, Appellant challenges the sufficiency of the evidence. Appellant first assails the evidence regarding his conviction for person not to possess firearms. *Id.* at 15. "Appellant argues that the Commonwealth failed to present sufficient evidence to establish [he] actually

or constructively possessed the firearm." *Id.* at 16. Appellant asserts the Commonwealth failed to present evidence of his dominion and control over the firearm, and only established that he was present at the scene. *Id.* at 18. According to Appellant,

> the gun-in-question was found on a residential homeowner's roof for which [Appellant] did not have exclusive access or control. Additionally, there was no DNA or fingerprint evidence of [Appellant] on the gun-in-question and/or admitted at trail. As such there was insufficient evidence to convict Appellant of Persons Not to Possess Firearms, in violation of 18 Pa.C.S. § 6105.

*Id.*

> When reviewing a sufficiency claim, this Court
>
> must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Martin*, 297 A.3d 424, 434 (Pa. Super. 2023). "[A] conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted).

The Crimes Code defines persons not to possess firearms as follows:

*Offense defined.*

- 4 -

**(1)** A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).[2]

"Illegal possession of a firearm may be shown by constructive possession." *Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." *Commonwealth v. Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (citation omitted). "Constructive possession has been defined as the ability to exercise a conscious dominion over the [contraband]: the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). "Dominion and control means the defendant had the ability to reduce the item to actual possession immediately or was otherwise able to govern its use or disposition as if in physical possession." *Commonwealth v. Peters*, 218 A.3d 1206, 1209 (Pa. 2019) (citation omitted). The "intent to maintain a conscious dominion may be inferred from the totality of the circumstances."

[A]lthough mere presence at a crime scene cannot alone sustain a conviction for possession of contraband[,] a [fact finder] need

---

[2] As stated above, the parties agree Appellant is statutory ineligible to possess a firearm.

not ignore presence, proximity and association when presented in conjunction with other evidence of guilt.

***Commonwealth v. Vargas***, 108 A.3d 858, 869 (Pa. Super. 2014) (internal quotation marks and citation omitted). "[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018).

At trial, Officer Allen testified that on February 22, 2022, between 4:00 and 4:30 p.m., he received a radio report about a stolen vehicle. N.T., 12/14/22, at 5-6. According to Officer Allen, his supervisor was following directly behind the suspect vehicle in a separate police cruiser. ***Id.*** at 7. When Officer Allen's supervisor attempted to "light it up", the vehicle "took off, [and] disregarded a red light at Kensington and Lehigh [Avenues]." ***Id.*** Officer Allen testified,

> We notified On Star, who was … also monitoring the vehicle, to turn the vehicle off. They turned the vehicle off. And I maneuvered my vehicle next to the stolen vehicle. My partner got out of the vehicle and detained the driver of the vehicle.

***Id.*** At that time, Officer Allen saw Appellant exit from the back seat of the stolen vehicle. ***Id.*** at 7-8. Officer Allen pursued Appellant on foot for about one and one-half minutes. ***Id.*** at 9. According to Officer Allen,

> [d]uring the beginning of the foot pursuit, I noticed that the male was reaching in his front waistband. So for my safety, I kept my distance, but I still had eyes on [Appellant].

- 6 -

*Id.* During the pursuit, Officer Allen saw Appellant toss what appeared to be a firearm with an extended magazine onto the roof of 1812 East Somerset Street. *Id.* at 9-10.

Based on Officer Allen's testimony, the trial court concluded there was sufficient evidence to establish Appellant's constructive possession of the firearm. The trial court explained:

> [A]ccepting Officer Allen's testimony as true, … the following events happened over the course of a few minutes: Officer Allen saw Appellant throw a firearm with an extended magazine onto the roof of 1812 East Somerset Street and heard the firearm hit the roof; Officer Allen radioed the location where he had seen Appellant throw the firearm; and Officer Allen returned to 1812 East Somerset Street, climbed a ladder, and retrieved a firearm from the roof that matched the description of the one he saw Appellant throw.
>
> These facts lead to only one reasonable conclusion: the firearm Officer Allen saw Appellant throw is the same firearm that he recovered from the roof a few minutes later. Any other explanation is entirely implausible. The firearm could not have been on the roof by happenstance; loaded weapons are not things that people ordinarily leave lying around, particularly not on rooftops. And to accept Appellant's suggestion that the owner of 1812 East Somerset Street planted the firearm on the rooftop, th[e c]ourt would have had to conclude that after the owner saw Appellant run past and throw something, the owner quickly — within the space of a few minutes — saw an opportunity to frame Appellant (who was presumably a stranger to him), located a loaded firearm that resembled the item that Officer Allen saw Appellant throw, climbed a ladder to plant that loaded firearm on the roof, and then directed Officer Allen to the roof so Officer Allen could retrieve the firearm. **Moreover, neither the firearm-on-roof-by-coincidence scenario or the owner-planted-firearm scenario explains what happened to the firearm that Officer Allen saw Appellant throw.**
>
> [The Superior C]ourt's precedents confirm that the Commonwealth presented more than enough evidence to meet

either a sufficiency or weight-of-the-evidence standard. ***See***, ***e.g.***, ***In re R.N.***, 951 A.2d 363, 369-70 (Pa. Super. 2008) (officer saw defendant toss a metal object from a vehicle window right before defendant crashed, police later recovered a firearm near the crashed vehicle, and no other metal objects in the area could have accounted for the object defendant tossed); ***Commonwealth v. Mann***, 820 A.2d 788, 793 (Pa. Super. 2003) (officer saw defendant throw a black firearm into a vacant lot while fleeing, and police recovered a black firearm from the lot that was used in a shooting where defendant was a suspect) …. Therefore, the Commonwealth's evidence was sufficient ….

Trial Court Opinion, 5/26/23, at 5-6 (one citation and footnote omitted, emphasis added). Mindful of our standard and scope of review, we agree that the evidence is sufficient to establish Appellant's constructive possession of the firearm. ***See id.***; ***see also Parrish***, 191 A.3d at 36; ***Vargas***, 108 A.3d at 869; ***Cruz***, 21 A.3d at 1253. Thus, Appellant's first issue lacks merit.

Appellant's second, third, and fourth issues are premised on the same rationale, *i.e.*, that the evidence is insufficient to establish his possession of the firearm. Appellant's Brief at 18-20. Because we conclude the Commonwealth presented sufficient evidence to establish Appellant's constructive possession of the firearm, his second, third, and fourth issues do not warrant relief.

In his final issue, Appellant argues the trial court's verdicts are against the weight of the evidence. ***Id.*** at 20. Appellant argues:

There was no DNA or fingerprint evidence of [Appellant] found on the gun-in-question and/or admitted at trial. No reasonable jury[3]

---

[3] Appellant waived his right to a jury trial.

could have found the Commonwealth's witnesses credible. Additionally, the homeowner-in-question never testified at trial that the gun found on his roof by law enforcement was not put there by him, thereby casting reasonable doubt on the testimony of the Commonwealth's witnesses who implicated [Appellant].

*Id.* at 22-23 (footnote added).

The Commonwealth argues that Appellant waived his weight challenge because he did not file a post-sentence motion. Commonwealth's Brief at 8. Upon review, we agree.

Rule 607 of the Pennsylvania Rules of Criminal Procedure requires that a weight claim be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607. "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.* cmt.; *accord Commonwealth v. Bond*, 985 A.2d 810, 820 (Pa. 2009). As our Supreme Court explained,

[t]his rule is consistent with our standard of review in challenges to the weight of the evidence, which this Court has articulated as follows:

A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so

contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Bond**, 985 A.2d at 820 n.10 (citation omitted).

Appellant failed to raise his challenge to the weight of the evidence before the trial court. Accordingly, it is waived. **See id.** at 820; **see also** Pa.R.A.P. 302(a) (stating an issue cannot be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023